J-S06003-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NATHANIEL MCFADDEN | : | |
| | : | |
| Appellant | : | No. 3477 EDA 2019 |

Appeal from the Judgment of Sentence Entered December 19, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011256-2016,
CP-51-CR-0011257-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NATHANIEL MCFADDEN | : | |
| | : | |
| Appellant | : | No. 3478 EDA 2019 |

Appeal from the Judgment of Sentence Entered December 19, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011256-2016,
CP-51-CR-0011257-2016

BEFORE:   PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:                    Filed: May 13, 2021

Nathaniel McFadden appeals *nunc pro tunc* from the judgment of sentence entered on December 19, 2017 in the Philadelphia Court of Common Pleas, after he pled guilty to a physical altercation involving both his

_____

[*] Retired Senior Judge assigned to the Superior Court.

grandmother and aunt that resulted in his grandmother's death. As will be discussed in detail below, the judgment of sentence involved two related criminal dockets, CP-51-CR-0011256-2016 ("Docket No. 11256") and CP-51-CR-0011257-2016 ("Docket No. 11257"), which were listed as appellate docket numbers, 3477 EDA 2019 and 3478 EDA 2019, respectively.

McFadden now challenges the validity of his guilty plea. Based on the following, we affirm the matter at Docket No. 3477 EDA 2019. Because we conclude we lack jurisdiction due to McFadden's untimely appeal at Docket No. 3478 EDA 2019, we quash.

The trial court summarized the factual basis for McFadden's plea as follows:

> At the time of the incident, [McFadden] lived with his grandmother, the decedent Janie Dawson, who was 85 years old, and his aunt Brenda Dawson on the 200 block of Judson Street in Philadelphia, Pennsylvania. On March 9, 2016, [McFadden]'s mother, Cornell McFadden, visited the residence to check in on her family members. [Cornell] encountered her son in the living room, which was in disarray, and [McFadden] informed her that Janie and Brenda had been fighting. [Cornell] went upstairs and found her mother, Janie, lying naked on the floor and noticed that she had bruising on her face and body. [Cornell] called her brother, Ike Dawson, who came to the residence. Ike asked [McFadden] what happened, to which [McFadden] responded "Fuck, F-U-C-K, them old bitches." [Cornell] called the police and [McFadden] promptly left the residence. The medics came to the residence and then transferred Janie to the hospital. On the way to the hospital, Janie told the medics that her grandson, [McFadden], had caused the injuries to her. On March 23, 2016, Janie died at a hospice care facility.

> The medical examiner determined that the cause of Janie's death was blunt impact trauma to the head and the manner of death was homicide. Janie had nine separate bruises on her body,

most of which measured between two to three inches. Detectives interviewed [McFadden]'s [aunt], Brenda, who informed them that she was in pain because [McFadden] had kicked her.

[McFadden] was arrested on June 1, 2016, and brought to the Homicide Unit for questioning. In his statement to detectives, [McFadden] stated that his grandmother, Janie, and his aunt, Brenda, frequently picked on him and fought with him. He stated that on March 7, 2016, which is two days before Janie was rushed to the hospital, the three housemates were in a fight that lasted two days. He said that he and Janie got in a tugging match over an object, which eventually caused Janie to fall into the china closet in the living room. [McFadden] informed detectives that he then threw an object at Janie that struck her in her face. He then took a phone that was pulled out of the wall and pressed it against Janie's face. [McFadden] stated: "I can't even believe that I did this, but at the time I was so pissed off."

Trial Court Opinion, 6/25/2020, at 2-3 (record citations and footnote omitted).

On December 19, 2017, McFadden pled guilty, pursuant to a negotiated plea agreement, to one count of third-degree murder at Docket No. 11256 (victim Janie Dawson) and one count of simple assault at Docket No. 11257 (victim Brenda Dawson).[1] That same day, the court imposed the negotiated sentence of 17 ½ to 35 years' imprisonment for the third-degree murder conviction and no further penalty as to the simple assault crime. McFadden did not file any post-sentence motions or a direct appeal.

On April 27, 2018, McFadden filed a timely, *pro se* Post Conviction Relief Act ("PCRA") petition, asserting plea counsel was ineffective for failing to file a post-sentence motion and direct appeal despite McFadden requesting him

---

[1] *See* 18 Pa.C.S.A. §§ 2502(c) and 2701(a), respectively.

to do so. **See** 42 Pa.C.S.A. §§ 9541-9546. Counsel was appointed, who filed an amended PCRA petition, again alleging plea counsel was ineffective for failing to file a post-sentence motion and direct appeal. Notably, the amended petition listed both docket numbers, but a line was crossed through Docket No. 11257. The court effectively treated that "marking" as McFadden's decision to not file a petition in that matter, and only addressed the request for relief in terms of Docket No. 11256.[2]

The court granted an evidentiary hearing, which was held on November 26, 2019, and only addressed the issue of whether counsel was ineffective as to the failure to file a direct appeal, not the failure to file post-sentence motions. The PCRA court entered an order on December 5, 2019, in which it found that plea counsel was ineffective and reinstated McFadden's direct appeal rights *nunc pro tunc.*[3]

Subsequently, McFadden filed a notice of appeal at both criminal dockets on December 10, 2019. On December 17, 2019, the PCRA court ordered McFadden to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). McFadden filed a concise statement on January

_____

[2] Accordingly, as evidenced by the certified docket at Docket No. 11257, no filing of the *pro se* or amended PCRA petition was listed and the case went "dormant" until McFadden filed a notice of appeal.

[3] This order was granted orally, and a docket entry was made.

- 4 -

6, 2020. The court issued an opinion pursuant to Pa.R.A.P. 1925(a) on June 25, 2020.

During this time, this Court issued a docketing statement for appellate counsel to complete. This Court received no correspondence from counsel and observed that counsel failed to comply with filing schedules in multiple cases. Therefore, this Court, by *per curiam* order, directed the appointment of new counsel *sua sponte*. The PCRA court complied with this order and appointed new appellate counsel to represent McFadden.

On March 1, 2020, counsel filed an application for remand with this Court, stating that in preparing the docketing statement, he observed that the notice of appeal filed by prior counsel listed two docket numbers, which was in contravention of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). Briefly, we note the **Walker** Court adopted a prospective bright-line rule requiring separate notices of appeal to be filed from a single order resolving issues arising on more than one lower court docket. **See id.**, at 976-977. The failure to comply with this rule generally "requires the appellate court to quash the appeal." **Id.** at 977. Counsel requested the matter be remanded to permit him to file a notice of appeal that comports with **Walker**.

Meanwhile, this Court issued a rule to show cause why the appeal should not be quashed pursuant to **Walker**. In response, McFadden's counsel largely reiterated his argument set forth in the application for remand. This Court

- 5 -

subsequently issued an order discharging the rule to show cause order and referring the matter to this panel.

Additionally, after considering the trial court dockets, notices of appeal, and counsel's response to the Court's rule to show cause, this Court, acting *sua sponte*, consolidated McFadden's appeals without prejudice for the merits panel to quash one or both of these appeals upon review. ***See*** Order, 4/22/2020; ***see also*** Pa.R.A.P. 513.

Several months after counsel filed an appellant's brief for McFadden, counsel filed an application to withdraw as counsel based on a change in employment. ***See*** Application to Withdraw as Counsel, 12/1/2020. This Court granted the application and directed the trial court to appoint substitute counsel. The trial court subsequently appointed new counsel.

Furthermore, on March 8, 2021, this Court entered an order granting McFadden's application for remand to file corrected notices of appeal. Newly appointed counsel for McFadden complied with ***Walker*** by filing separate amended notices of appeal at each docket number. The appeals are now presently before us.

As a prefatory matter that needs to be addressed, and as indicated above, we note that McFadden only sought and received reinstatement of his direct appeal rights *nunc pro tunc* as to Docket No. 11256. As a result, his direct appeal rights in Docket No. 11257 were not restored *nunc pro tunc*.

As his appeal at Docket No. 11257 is not *nunc pro tunc*, it is clearly untimely. A review of Docket No. 11257 reveals that the matter went dormant from the December 19, 2017 judgment of sentence to when McFadden filed his notice of appeal in December of 2019. Because McFadden did not file a post-sentence motion, he had until January 18, 2018, thirty days from the imposition of his sentence, to file a notice of appeal. **See** Pa.R.Crim.P. 720(A)(3). McFadden's notice of appeal was not docketed until December 10, 2019, and consequently, was facially untimely.

"The timeliness of an appeal and compliance with the statutory provisions granting the right to appeal implicate an appellate court's jurisdiction and its competency to act." **Commonwealth v. Williams**, 106 A.3d 583, 587 (Pa. 2014). "Absent extraordinary circumstances, an appellate court lacks the power to enlarge or extend the time provided by statute for taking an appeal." **Id.** "Thus, an appellant's failure to appeal timely an order generally divests the appellate court of its jurisdiction to hear the appeal." **Id.** Additionally, this Court has no power to grant *nunc pro tunc* relief to an appellant outside the confines of the PCRA. **See Commonwealth v. Eller**, 807 A.2d 838, 845 (Pa. 2002). Accordingly, we are without jurisdiction to entertain the merits of McFadden's appeal regarding Docket No. 11257, and quash his appeal at the related appellate docket, No. 3478 EDA 2019.

In his sole issue on appeal, McFadden complains that the court erred in accepting his guilty plea as knowing and voluntary in light of his extensive

mental illness history, which he was suffering from at the time of the plea. **See** Appellant's Brief, at 8. McFadden states that the record establishes he suffers from profound and extensive schizophrenia, and "[t]hese circumstances simply cannot overcome the presumption against [his] waiver of his right to a trial." **Id.**, at 9. He concludes he must be awarded a new trial. **See id.**

"Settled Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all non-jurisdictional defects except the legality of the sentence and the validity of the plea." **Commonwealth v. Lincoln**, 72 A.3d 606, 609 (Pa. Super. 2013) (citation omitted). "A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." **Id.**, at 609-610; **see also** Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). "Failure to employ either measure results in waiver." **Lincoln**, 72 A.3d at 610.

Here, the trial court found McFadden did not file a post-sentence motion and did not raise any claim regarding the voluntariness of his plea during the plea colloquy. **See** Trial Court Opinion, 6/25/2020, at 4. Moreover, the court opined, "While [McFadden] did seek reinstatement of his right to file a post-sentence motion in his prior PCRA petition, that claim was denied by the PCRA court and not challenged on appeal. Accordingly, the issue was never raised in the trial court and is therefore waived." **Id.** (footnote and citations omitted).

We are in agreement with the trial court that McFadden waived his involuntary guilty plea argument. Where a PCRA court reinstates direct appeal rights *nunc pro tunc*, a defendant is not automatically entitled to reinstatement of his post-sentence motion rights *nunc pro tunc* as well. **See Commonwealth v. Liston**, 977 A.2d 1089, 1093-4 (Pa. 2009).

As indicated above, McFadden pled in both his *pro se* and amended PCRA petitions that he had been deprived of the right to file post-sentence motions and direct appeal rights due to prior counsel's ineffectiveness. However, the PCRA court did not restore McFadden's right to file a post-sentence motion *nunc pro tunc*. McFadden did not object at the PCRA evidentiary hearing to the court's denial of *nunc pro tunc* relief as it related to post-sentence motions, and he did not set forth in his court-ordered Rule 1925(b) concise statement an issue concerning court error with respect to the matter. Furthermore, he does not now assert any argument addressing the court's determination in his appellate brief. As such, McFadden may not obtain review of his invalid guilty plea claim on direct appeal *nunc pro tunc* because he has failed to properly preserve the argument. **See Lincoln**, 72 A.3d at 610. Accordingly, because the issue is waived, we need not address it further.

Judgment of sentence at Docket No. 3477 EDA 2019 affirmed. Appeal at Docket No. 3478 EDA 2019 quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/13/21